## ZWANGIZER v. NEWMAN.

(Supreme Court, Appellate Division, Second Department. October 9, 1903.)

1. APPEAL—FINDINGS OF FACT.

    A verdict for plaintiff for assault and battery, supported by his own evidence alone as to the occurrence, will not be disturbed on appeal merely because defendant's denial is corroborated by three witnesses—a brother and a regular and an occasional employé of defendant.

2. EVIDENCE—MEMORANDA.

    A physician who made an examination, having testified fully as to its results, and there having been no failure or exhaustion of his memory,

and he not being impeached on cross-examination, his memorandum of the examination is not admissible.

**3. WITNESS—CROSS-EXAMINATION.**

Rejection of a question to a witness on cross-examination, whether his recollection, by reason of his condition, was the same on all answers made by him as on a certain answer just made, is in the discretion of the court.

Appeal from Trial Term, Kings County.

Action by Peter Zwangizer against Isidor Newman. From a judgment on a verdict for plaintiff and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

J. Charles Weschler, for appellant.

Henry Escher, Jr. (George F. Elliott, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff has recovered a judgment for damages for assault and battery. His case is supported by his own evidence alone as to the occurrence, while the defendant's denial is corroborated by three witnesses. These witnesses, however, are a brother and a regular and an occasional employé of the defendant, and there is nothing in the circumstances and the surroundings of the transactions which requires interference by an appellate court with the result reached by the jury. The law on the subject of a preponderance of evidence was carefully and accurately explained to the jury by the learned trial justice; and, while the case fairly admitted a contrary conclusion, it was within the province of the jury to believe the plaintiff in preference to those who testified against him.

A physician sent by the defendant to examine the plaintiff, with a view to ascertaining the extent of the injuries, testified fully to the results of his examination. A written report or memorandum of the examination, furnished by the witness to the defendant, was excluded when offered by defendant as evidence. In this there was no error. There was no failure or exhaustion of memory, and no impeachment of the memorandum on cross-examination, and the document was clearly incompetent as evidence in chief. Russell v. Hudson River Railroad Co., 17 N. Y. 134; People v. McLaughlin, 150 N. Y. 365, 392, 44 N. E. 1017.

Nor was it error to exclude the question addressed to the plaintiff on cross-examination, whether his recollection, by reason of his condition, was the same upon all answers made by him as upon a certain answer just made. The allowance or rejection of such a question, whether addressed to the recollection or to the truthfulness of a witness, is within the sound discretion of the trial court, and no case is cited in support of the proposition that a ruling similar to the one complained of constitutes reversible error.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.